36 F.3d 1099
 66 Fair Empl.Prac.Cas. (BNA) 1120
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Karen MARCING, Plaintiff-Appellee,
v.
FLUOR DANIEL, INC., Defendant-Appellant.
 No. 93-3098.
 United States Court of Appeals, Seventh Circuit.
 Argued May 16, 1994.
Decided Sept. 28, 1994.
 
 Before CUMMINGS, HILL* and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Defendant Fluor Daniel, Inc. ("Fluor") provides engineering and other technical services to clients in the industrial and power industries. Plaintiff Karen Marcing ("Marcing") has been employed by Fluor since December 1961, when she began work as a stenographer. Marcing worked her way up in the company throughout the 1970s and 1980s until she held the title of Procurement Specialist III. Fluor's Procurement Department is responsible both for procurement for client projects and for procurement for Fluor's internal needs.
 
 
 2
 In December 1989 Fluor offered Marcing the position as full-time buyer for a project the parties call the Salt City project; she initially rejected this offer because she felt that she did not have the necessary experience for the job and because she felt that she had not received necessary assistance on other projects. Fluor therefore informed Marcing that the Salt City project would be assigned to a younger woman, who had previously held a less-demanding position (called "Administrative Procurement") involving purchasing for Fluor's internal needs, and that Marcing would be assigned to that woman's previous Administrative Procurement position. It also informed her that other client work would likely be unavailable to her in the future, which the district court found constituted a significant limitation on her opportunity for further advancement in the company.
 
 
 3
 Marcing preferred to remain a buyer for Fluor's client projects rather than for Fluor's internal requirements. The day after she initially refused the Salt City project, Marcing told Fluor that she had changed her mind. Fluor, however, now refused to give Marcing the Salt City project. It offered her a choice between (1) the Administrative Procurement position, which involved no reduction in salary, benefits, job grade, or job classification, but which Marcing considered--as did the district court--to be a type of demotion due to the lack of client contact, (2) part-time project procurement work, which would continue Marcing's client contacts, and (3) a leave of absence. Marcing elected to take the part-time job, with its attendant lesser salary, rather than the full-time Administrative Procurement job. Her part-time status became effective in the first week of January 1990.
 
 
 4
 Thereafter Marcing's part-time hours, which started at 20 hours per week, were reduced to 12 hours per week. Fluor argues that this was due to a downturn in its market, but the district court found that the reduction in Marcing's hours, in combination with other onerous conditions of her employment, constituted a deterioration of working conditions that was not shared by Marcing's male counterparts. In March 1990 Marcing resigned her job with Fluor. She has since held a number of positions at lesser salaries than she would have received in the Salt City position or in the Administrative Procurement position. In August 1991 Marcing filed suit against Fluor alleging violations of Title VII (42 U.S.C. Sec. 2000e), the Age Discrimination in Employment Act (29 U.S.C. Sec. 621 et seq.), and the Equal Pay Act (29 U.S.C. Secs. 206(d) and 216(b)). She later amended her complaint to include claims under the Civil Rights Act of 1991 (42 U.S.C. Sec. 1981a).
 
 
 5
 The case was tried before a jury in April 1993. Judge Shadur simultaneously conducted a bench trial of Marcing's Title VII claims because of the then uncertainty concerning the retroactivity of the Civil Rights Act of 1991. The jury returned a verdict in Marcing's favor on all her claims except for liquidated damages under the Age Discrimination in Employment Act and for punitive damages under Title VII. The judge also issued findings of fact and conclusions of law in Marcing's favor in the Title VII claims.[1] In particular, both the jury and Judge Shadur found that Fluor's refusal to allow Marcing to take the Salt City project was impermissibly based both on her sex and on her age. Def. Short App. Tab 2 at 7. Moreover, Judge Shadur found that Fluor had constructively discharged Marcing by the time she resigned in March 1990. Ultimately the district court awarded Marcing $499,193 in damages.[2]
 
 
 6
 On appeal defendant primarily argues that in electing the part-time project procurement position rather than the full-time Administrative Procurement position, Marcing failed to mitigate her damages on account of Fluor's discriminatory conduct. In making this challenge Fluor explicitly declines to challenge the fact-finders' liability determination. Def.Br. at 17-18. It thus admits, for the purposes of this argument, that it acted improperly by not allowing Marcing to reconsider her initial refusal of the Salt City project, but it argues that had Marcing taken the Administrative Procurement position she would not have suffered most of the damages identified by the district court.
 
 
 7
 We agree that Marcing had an obligation to mitigate the damages caused by Fluor's wrongfully denying her the Salt City job. Had she taken the Administrative Procurement position, which offered the same salary as the Salt City job, she could still have sued Fluor for not allowing her to take the Salt City job and if--as we must presume here in light of Fluor's declining to contest liability--Fluor's conduct was found to be unlawful, she could require that Fluor reassign her to the Salt City project or to a similar project, or otherwise make her whole on account of the differences between the two jobs. What she could not recover, had she taken the Administrative Procurement position, would be any damages on account of lost salary, since the salaries for the two jobs were the same.
 
 
 8
 Therefore, by not taking the Administrative Procurement position when it was offered, Marcing failed to mitigate her damages from Fluor's refusal to give her the Salt City position. Ford Motor Co. v. Equal Employment Opportunity Commission, 458 U.S. 219, 230-232; Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1427-1428 (7th Cir.1986); Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1277-1280 (4th Cir.1985); Alicea Rosado v. Garcia Santiago, 562 F.2d 114, 119-120 (1st Cir.1977); cf. Jurgens v. Equal Employment Opportunity Commission, 903 F.2d 386, 389 (5th Cir.1990); Brooms v. Regal Tube Co., 881 F.2d 412, 423 (7th Cir.1989); Weihaupt v. American Medical Association, 874 F.2d 419, 425-426 (7th Cir.1989). The district court erred in holding otherwise. We must therefore reverse the damages award as it presently stands.
 
 
 9
 It is difficult to determine from this record what damages survive our holding. The Equal Pay Act claim was premised on the pay differential between Marcing and other male employees of Fluor during her period of employment. It appears to be unaffected by her failure to mitigate her damages arising out of the Salt City situation. The district court ultimately awarded Marcing $37,792.50 on the Equal Pay Act claim. Def. Short App. Tab 7 at 6. Defendant recognizes that even though Marcing failed to mitigate her damages in her Title VII and Age Discrimination in Employment claims, she remains entitled to this amount at least. Def.Br. at 34.[3]
 
 
 10
 According to Fluor, the Equal Pay Act award is all that remains to Marcing once it is established that she failed to mitigate her damages by taking a lesser-paying part-time job rather than taking a position with salary equal to that of the Salt City job.[4] This argument fails to take into account the district court's finding--which Fluor does not challenge on appeal--that Marcing was constructively discharged from the part-time job in March 1990. Def. Short App. Tab 2 at 12. Marcing clearly failed to mitigate her damages arising out of Fluor's refusal to give her the Salt City job, but Fluor makes no argument that she in any way failed to mitigate her damages arising out of the constructive discharge from the part-time position. On the record before us it appears that Marcing can still recover damages arising out of the constructive discharge. These damages will be based on the salary for the part-time procurement position and on the likelihood, if any, that had Marcing continued in that job her hopes of advancement would have been realized.
 
 
 11
 In conclusion, we hold that Marcing failed to mitigate her damages arising out of Fluor's not giving her the Salt City position, and that her damages must therefore be recalculated. We have suggested, without the benefit of full briefing by the parties, some considerations in recalculating her damages. The district judge shall recalculate the various items of damages awarded in his August 2, 1993, order in accordance with the plaintiff's failure to mitigate. Plaintiff remains entitled to the $37,792.50 Equal Pay Act award.
 
 
 12
 The damages award is reversed and the case is remanded for further proceedings not inconsistent with this order.
 
 
 
 *
 The Honorable James C. Hill of the United States Court of Appeals for the Eleventh Circuit is sitting by designation
 
 
 [1]
 Because the Supreme Court has subsequently held that the Civil Rights Act of 1991 is not retroactive, Landgraf v. USI Film Products, 114 S.Ct. 1483, we must look to the bench trial of Marcing's Title VII claims and not to the jury verdict in considering this appeal
 
 
 [2]
 $37,792.50 of Marcing's final damages award is attributable to the jury's finding in her favor on the Equal Pay Act claim. Judge Shadur noted that prior to the events concerning the Salt City project, Marcing received a lower salary and lower benefits than were received by comparable males. Def. Short App. Tab 2 at 12
 
 
 [3]
 Fluor mounts an independent challenge to the calculation of Marcing's Equal Pay Act damages, but we find this challenge to be without merit
 
 
 [4]
 It is clear that because of her failure to mitigate, Marcing forfeited any entitlement to back pay damages from the loss of the Salt City position. The parties have not addressed in their briefs the effect of Marcing's failure to mitigate on her entitlement, if any, to forward-looking equitable remedies such as reinstatement in the Salt City job or an award of front pay. Indeed, in two of the cases that Fluor relies on in support of its argument that Marcing is not entitled to back pay damages from the loss of the Salt City job, the courts approved of reinstatement as an equitable remedy while limiting back pay damages on account of failure to mitigate. See Brady, 753 F.2d at 1272 (noting in passing that the plaintiffs were reinstated to their previous jobs); Alicea Rosado, 562 F.2d at 117, 121 (approving of the district court's ordering plaintiff reinstated to his previous job)